**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRYAN GALES, *on behalf of himself and all others similarly situated*, | ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) | |
| vs. | ) ) | COMPLAINT — CLASS ACTION |
| OPTIMUM OUTCOMES, INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) | |

**NATURE OF ACTION**

1.      Plaintiff Bryan Gales ("Plaintiff") brings this putative class action complaint under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendant Optimum Outcomes, Inc. ("Defendant"), on behalf of himself and all others similarly situated.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331. *See also Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 740, 752 (2012).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as Defendant is headquartered in this district.

**THE TELEPHONE CONSUMER PROTECTION ACT**

4.      Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims*, 132 S.Ct. at 745.

5.      The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using

any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

6.      The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages.  Damages are calculated by the greater of actual damages or $500 for each violation of the statute.  47 U.S.C. § 227(b)(3).  Damages may be trebled where the conduct is willful or knowing.  *Id.*

## PARTIES

7.      Plaintiff is a natural person.

8.      Defendant is a for-profit corporation headquartered at 2651 Warrenville Road, Suite 500, Downers Grove, Illinois 60515.

## FACTUAL ALLEGATIONS

9.      Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number in connection with such subscription.

10.      Defendant began calling the phone number assigned to Plaintiff's wireless handset in an attempt to collect a debt owed, or allegedly owed, by Plaintiff.

11.      To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was revoked no later than the month of February 2015.

12.      Despite Plaintiff's revocation, Defendant continued to call.

13.      Defendant placed multiple calls to Plaintiff's wireless number, including, but not limited to, the following dates and approximate times:

1)      March 17, 2015 at 5:12 P.M.;
2)      March 20, 2015 at 12:19 P.M.;
3)      March 26, 2015 at 11:20 A.M.;
4)      March 27, 2015 at 1:10 P.M.;
5)      April 1, 2015 at 8:44 A.M.;
6)      April 3, 2015 at 8:45 A.M.;

7)      April 4, 2015 at 8:51 A.M.;
8)      April 6, 2015 at 1:01 P.M.;
9)      April 8, 2015 at 2:15 P.M.;
10)     April 9, 2015 at 5:47 P.M.;
11)     April 16, 2015 at 11:53 A.M.;
12)     April 17, 2015 at 12:35 P.M.;
13)     April 23, 2015 at 3:21 P.M.;
14)     April 24, 2015 at 11:00 A.M.;
15)     April 30, 2015 at 11:47 A.M.;
16)     May 1, 2015 at 9:51 A.M.;
17)     May 7, 2015 at 9:41 A.M.;
18)     May 11, 2015 at 2:39 P.M.;
19)     May 14, 2015 at 11:45 A.M.;
20)     May 18, 2015 at 11:34 A.M.;
21)     May 26, 2015 at 1:38 P.M.;
22)     May 29, 2015 at 9:35 A.M.;
23)     June 10, 2015 at 9:20 A.M.;
24)     June 18, 2015 at 10:23 A.M.;
25)     June 23, 2015 at 9:27 A.M.;
26)     June 25, 2015 at 10:33 A.M.;
27)     June 30, 2015 at 10:07 A.M.;
28)     July 2, 2015 at 9:32 A.M.;
29)     July 9, 2015 at 12:21 P.M.;
30)     July 15, 2015 at 10:39 A.M.;
31)     July 23, 2015 at 12:34 P.M.;
32)     June 10, 2015 at 9:20 A.M.;
33)     July 29, 2015 at 9:58 A.M.;
34)     July 30, 2015 at 12:22 P.M.
35)     August 5, 2015 at 11:17 A.M., and;
36)     August 6, 2015 at 12:16 P.M.;

14.    During the above-referenced calls, Defendant delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

15.    Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system ("ATDS"), and/or using artificial or pre-recorded voice technology.

16.    Defendant advertises that it is able to effectively engage in account resolution in part by virtue of its "predictive auto-dialer."

17.     Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

18.     Defendant did not have Plaintiff's prior express consent to make calls to Plaintiff's wireless number.

19.     Upon information and belief, Defendant placed the calls to Plaintiff's wireless number voluntarily.

20.     Upon information and belief, Defendant placed the calls to Plaintiff's wireless number identified above under its own free will.

21.     Upon information and belief, Defendant had knowledge that it was using an ATDS and/or an artificial or pre-recorded voice to place each of the calls identified above.

22.     Upon information and belief, Defendant intended to use an ATDS and/or an artificial or pre-recorded voice to place each of the calls identified above.

23.     Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number which may reveal the existence of additional violations beyond those pleaded above.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff repeats and re-alleges all factual allegations above.

25.     Upon information and belief, Defendant routinely dials the wireless phone numbers of individuals using an ATDS and/or an artificial or prerecorded voice while attempting to collect alleged debts, in the same manner as Defendant did with Plaintiff above.

26.     Upon information and belief, Defendant has been instructed by a large number of these individuals to stop calling their wireless number in the same manner as Plaintiff did above.

27.     Upon information and belief, Defendant has continued to call a large number of these individuals using an ATDS and/or an artificial or prerecorded voice.

28.     Upon information and belief, Defendant trains its employees to record the outcome of every conversation it has with an individual.

29.     Upon information and belief, Defendant's records will show that it has engaged in such dialing practices with respect to at least 40 individuals in the four years prior to filing this action.

30.     Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> Individuals in the United States to whom Defendant, in the four years prior to the filing of this complaint, placed one or more telephone calls to the individual's wireless number using an automatic telephone dialing system and/or an artificial or prerecorded voice, where such individual had previously instructed Defendant to stop placing calls to the individual's wireless number.

31.     The proposed class specifically excludes the United States of America, the State of Illinois, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Seventh Circuit, the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

32.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

33.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

34.     The class is averred to be so numerous that joinder of members is impracticable.

35.     The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

36.     The class is ascertainable in that the names and addresses of all class members can be identified through the business records maintained by Defendant.

37.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the TCPA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

38.     The claims of Plaintiff are typical of the claims of the class he seeks to represent.

39.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

40.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

41.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

42.     Plaintiff is willing and prepared to serve this Court and the proposed class.

43. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

44. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

46. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

47. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

48.     Plaintiff repeats and re-alleges all factual allegations above.

49.     The TCPA prohibits all calls made to a wireless handset using an ATDS or an artificial or prerecorded voice, except for calls made for emergency purposes or made with the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(A)(iii).

50.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's wireless handset using an ATDS and/or an artificial or pre-recorded voiced after prior express consent had been revoked.

51.     Furthermore, Defendant willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) because it intended to place such calls and did so after Plaintiff instructed Defendant not to call.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)      Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff and the class he seeks to represent;

c)      Enjoining Defendant from placing any further telephone calls to Plaintiff, and the members of the class he seeks to represent, in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d)      Awarding Plaintiff and the class he seeks to represent statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)      Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f)      Awarding Plaintiff and the class he seeks to represent treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g)      Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to Rule 23;

h)      Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

i)      Awarding such other relief as the Court may deem just and proper.

## TRIAL BY JURY

52.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 19, 2016.

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV
Federal Bar No. 029098
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
(602) 388-8898
(866) 317-2674 fax
rthompson@consumerlawinfo.com

Joseph Panvini
Federal Bar No. 028359
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
(602) 388-8875
(866) 317-2674 fax
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff